## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRANDON BELL,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:22-cv-02011** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **STEPHEN SPAULDING,** | : | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

<u>Pro se</u> Petitioner Brandon Bell ("Petitioner"), a prisoner in the custody of the

Federal Bureau of Prisons ("BOP"), has commenced the above-captioned action by

filing a petition for a writ of habeas corpus pursuant to the provisions of 28 U.S.C.

§ 2241 ("Section 2241"). He asserts that the BOP has wrongfully denied him federal

time credits under the First Step Act of 2018 ("First Step Act"). Because Petitioner

failed to exhaust his administrative remedies before petitioning this Court for a writ

of habeas corpus, his petition will be dismissed.

## I.     BACKGROUND

Petitioner is serving a sixty (60) month term of imprisonment imposed by the

United States District Court for the Southern District of New York on October 6,

2021, for narcotics conspiracy. (Doc. No. 5-2 at 2, ¶ 3.) Petitioner entered BOP

custody on December 3, 2021, and his projected release date, via good conduct time,

is March 1, 2026. (<u>Id.</u>)

On December 19, 2022, Petitioner filed his Section 2241 petition and paid the requisite filing fee in this matter.  (Doc. No. 1.)  In response, the Court, <u>inter alia</u>, deemed the petition filed, directed service of the petition on Respondent, and instructed Respondent to respond to the allegations in the petition within twenty (20) days.  (Doc. No. 4.)  Respondent complied with that Order and filed a response, asserting that the Court should dismiss the petition because Petitioner did not exhaust his administrative remedies before petitioning this Court and because, alternatively, Petitioner cannot earn the amount of federal time credits he seeks or application of those credits, since he has a medium risk assessment for recidivism.  (Doc. No. 5.)  As reflected by the docket, Petitioner has not filed a reply, and the time period for doing so has passed. Thus, the instant petition is ripe for the Court's resolution.

## II.    DISCUSSION

Generally speaking, Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate who challenges "not the validity but the execution of his sentence."  <u>See</u> <u>Cardona v. Bledsoe</u>, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); <u>Woodall v. Fed. Bureau of Prisons</u>, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas").  While "the precise meaning of 'execution of the sentence' is hazy[,]" <u>see</u> <u>id.</u> at 242, the United States Court of Appeals for the Third Circuit ("Third Circuit") has defined this phrase to mean "put

2

into effect" or "carry out."  See id. at 243 (citation and internal quotation marks omitted).

As a result, a federal prisoner may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody.  See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (finding that a federal inmate's petition is actionable under Section 2241, where the inmate attacks the term of his custody by challenging the manner in which the BOP is computing his federal sentence); United States v. Vidal, 647 F. App'x 59, 60 (3d Cir. 2016) (unpublished) (stating that, "[b]ecause [the federal prisoner's] claim challenges the BOP's calculation of sentence credits, it is appropriately addressed in a petition for a writ of habeas corpus pursuant to [Section] 2241" (citation omitted)).

As such, Petitioner's claim that the BOP incorrectly calculated his federal sentence by denying him time credits under the First Step Act is properly brought pursuant to the provisions of Section 2241.  (Doc. No. 1.)  However, even if properly brought pursuant to those provisions, Petitioner was still required to exhaust his administrative remedies.  For the reasons discussed below, the Court agrees with Respondent that Petitioner failed to do so with respect to his instant claim.

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before

petitioning for a writ of habeas corpus pursuant to [Section] 2241." See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." See Moscato, 98 F.3d at 761-62 (citations omitted); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. See id. (citations omitted); Coleman v. U.S. Parole Comm'n, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). "For example, exhaustion may be excused where it 'would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" See Brown v. Warden Canaan USP, 763 F. App'x 296, 297 (3d Cir. 2019) (unpublished) (quoting Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988)).

In order to exhaust administrative remedies, a federal prisoner must comply with the procedural requirements of the BOP's administrative remedy process,

which are set forth in the Code of Federal Regulations.  See generally 28 C.F.R. §§ 542.10-542.19.  Under these regulations, a prisoner shall first attempt informal resolution of his complaint with staff and, if the prisoner is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member.  See id. §§ 542.13-542.14.  If the prisoner is not satisfied with the Warden's response, the prisoner shall then submit an appeal to the Regional Director, using the appropriate form.  See id. § 542.15(a).  And, finally, if the prisoner is not satisfied with the Regional Director's response, then the prisoner shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form.  See id.  A prisoner is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels.  See id. (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Because federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to Section 2241, a prisoner's failure to exhaust will generally preclude federal judicial review, unless the prisoner can show cause for the default and prejudice from the alleged violation of his rights.  See Moscato, 98 F.3d at 760-62 (explaining that a petitioner's failure to satisfy the procedural rules of the BOP's administrative remedy process constitutes a procedural default and thus bars judicial review, absent

a showing of cause and prejudice (citations omitted)); <u>Johnson v. Pinchak</u>, 392 F.3d 551, 563 (3d Cir. 2004) (recognizing that "[a] procedural default generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice"). Particularly relevant here, the existence of cause turns on whether a petitioner can show that some objective, external factor impeded his efforts to comply with the BOP's administrative remedy process.  <u>See</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).

Here, the record reflects that, while Petitioner has filed various administrative remedies during his confinement, he has not filed an administrative remedy related to his request for federal time credits under the First Step Act.  <u>See</u> (Doc. No. 5-2 at 3, ¶ 5; <u>id.</u> at 11-13 (containing the "Administrative Remedy Generalized Retrieval" report for Petitioner)).[1]  Thus, because the record reflects that Petitioner has not filed such an administrative remedy, there is no basis upon which the Court could conclude that he properly or fully exhausted his remedies in accordance with the BOP's administrative remedy process.  Moreover, the Court notes that Petitioner has

---

[1] "The BOP maintains a database known as the SENTRY Inmate Management System ('SENTRY')."  <u>See</u> <u>Torres v. Spaulding</u>, No. 3:22-cv-01701, 2022 WL 17477084, at *2 (M.D. Pa. Dec. 6, 2022).  During "the ordinary course of business, computerized indexes of all formal administrative remedies filed by [BOP] inmates are maintained by the Institution, Regional, and Central Offices."  <u>See</u> <u>id.</u>  SENTRY, in turn, "generates a report titled 'Administrative Remedy Generalized Retrieval[,]' which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief."  <u>See</u> <u>id.</u>

not filed a reply, or otherwise disputed, Respondent's argument that he failed to exhaust his administrative remedies.

Accordingly, because the record reflects that Petitioner failed to comply with the requirements of the BOP's administrative remedy process, and because Petitioner has not disputed his failure to do so, the Court concludes that he has procedurally defaulted his instant habeas claim that the BOP incorrectly computed his federal sentence. As a result, his procedural default bars judicial review of his Section 2241 petition, unless he can show cause and prejudice. See Moscato, 98 F.3d at 760-62; Johnson, 392 F.3d at 563.

As discussed above, the existence of cause turns on whether Petitioner can show that some objective, external factor impeded his efforts to comply with the BOP's administrative remedy process. See Murray, 477 U.S. at 488. Here, however, Petitioner has not argued, much less shown, that some external factor prevented him from complying with that process.[2] As a result, the Court is barred from reviewing the merits of his Section 2241 petition and, thus, the Court will dismiss his petition. See Moscato, 98 F.3d at 759 (explaining that "[b]ecause [the petitioner] committed a procedural default of his administrative remedies by filing an untimely appeal and

---

[2]  At most, Petitioner has asserted that "no Administrative Remedy process can cure what cannot be done." (Doc. No. 1 at 1.) Such a broad assertion, however, does not show the existence of cause for his procedural default. Additionally, because Petitioner has not shown such cause, the Court need not address the issue of prejudice.

because he cannot show cause for the default, [the Court of Appeals was] barred from review of the merits of his [Section] 2241 petition").

## III.  CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2241 petition.  (Doc. No. 1.)  An appropriate Order follows.

Dated: June 6, 2023                          s/ Sylvia H. Rambo
                                             SYLVIA H. RAMBO
                                             United States District Judge